**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**John Meade OGBURN, Defendant—
Appellant.**

No. 05–30157.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2006.*

Filed April 10, 2006.

Lori Harper Suek, Esq., USGF–Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Lynn T. Hamilton, Esq., Hamilton Law Office, PC, Mesa, AZ, for Defendant–Appellant.

Before: HAWKINS, McKEOWN, and, PAEZ, Circuit Judges.

### MEMORANDUM **

John Meade Ogburn appeals from his jury trial conviction and the 260–month sentence imposed for conspiracy to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, with his sentence enhanced pursuant to 21 U.S.C. § 851. We have jurisdiction pursuant to 28 U.S.C. § 1291.

█ Ogburn contends that the district court erred in rejecting his Federal Rule of Criminal Procedure 29 motion for acquittal. Specifically, he challenges the sufficiency of the evidence supporting his

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

conviction, principally by attacking the credibility of the witnesses against him. Contrary to Ogburn's contention, "[t]he uncorroborated testimony of an accomplice is enough to sustain a conviction unless the testimony is incredible or unsubstantial on its face." *United States v. Lopez*, 803 F.2d 969, 973 (9th Cir.1986). Ogburn points to nothing in the record to support a conclusion that any testimony was incredible on its face. Moreover, "the credibility of witnesses is a question for the jury, unreviewable on appeal." *United States v. Delgado*, 357 F.3d 1061, 1068 (9th Cir.2004). Finally, based on our review of the record, and viewing the evidence in the light most favorable to the government, we conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Johnson*, 357 F.3d 980, 983 (9th Cir.2004).

■ Because Ogburn was sentenced under the then-mandatory Sentencing Guidelines, and because we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand the sentence for further proceedings consistent with *United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir. 2005) (en banc). *See United States v. Moreno–Hernandez*, 419 F.3d 906, 916 (9th Cir.2005) (extending *Ameline*'s limited remand procedure to cases involving nonconstitutional error).

**CONVICTION AFFIRMED; SENTENCE REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.